[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12006
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00008-LGW-RSB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DASHAUN YOUNG,
a.k.a. Gooch,
a.k.a. Lil Bub,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 6, 2016)

Before WILSON, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher Young appeals his 288-month sentence after pleading guilty to conspiracy to distribute controlled substances, 21 U.S.C § 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).  On appeal, Young argues (1) that the government breached his plea agreement by not recommending a sentence within the guideline range, and (2) that the government did not meet its burden to prove that he breached the plea agreement by obstructing justice when he tampered with witnesses.  After review of the record and the parties' briefs, we affirm.

"Whether the government has breached a plea agreement is a question of law that [we] review[] de novo."  *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).  However, we review the district court's determinations regarding the defendant's conduct, namely the alleged obstruction of justice, for clear error.  *See United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004).  Also, "we must give due regard to the opportunity of the district court to judge the credibility of the witnesses, and we will not overturn the district court's findings of fact unless they are clearly erroneous."  *United States v. Jenkins*, 901 F.2d 1075, 1083 (11th Cir. 1990).

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty."  *Horsfall*, 552 F.3d at 1281 (internal quotation marks omitted).  But, the government is freed

from its obligations under the plea agreement when the defendant substantially breaches it. *United States v. Salmona*, 810 F.3d 806, 811 (11th Cir. 2016). Although the plea agreement between Young and the government includes a commitment by the government to recommend a sentence within the guidelines range, it could be voided if Young obstructs justice or otherwise fails to comply with its terms.

Regardless of whether the government failed to meet its obligations under the plea agreement, which is not clear, the government was released from any obligations under it because Young breached the plea agreement.[1] The district court found that the government proved, by a preponderance of the evidence, that Young obstructed justice when he threatened codefendants to remain silent and refrain from cooperating with authorities. *See Salmona*, 810 F.3d at 811. The government presented recordings of phone calls, along with testimony from an FBI agent and a co-defendant who was the target of some threats. The district court did not clearly err when it found this testimony to be credible and determined that Young obstructed justice by tampering with witnesses. *See Amedeo*, 370 F.3d at 1318. Consequently, the government was freed from its obligations under the plea agreement after Young's breach.

---

[1] The government's request for a "substantial period of incarceration" is not clearly inconsistent with its obligation to recommend a sentence within the guideline range, which was 210–240 months (plus a mandatory consecutive 60 month term). Further, the district court explicitly stated that it did not construe the government's request as one for an above-the-guideline-range sentence.

**AFFIRMED.**

4